# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20476

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2016

Lyle W. Cayce
Clerk

ROSA RODRIGUEZ, Individually and as Representative of the Estate of Omar Wilfredo Ventura, C.V., A.B.V., A.V.; ROLANDO VENTURA; CRISTINA MARTINEZ; WILFREDO VENTURA,

Plaintiffs - Appellants

v.

CITY OF HOUSTON,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-501

Before REAVLEY, HAYNES, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Rosa Rodriguez and several other members of Omar Ventura's family appeal the district court's summary judgment for the City of Houston in this 42 U.S.C. § 1983 suit. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20476

## I.

On the night of the relevant incident, Jose Coronado, a police officer with the Houston Police Department, attended a gathering and consumed several alcoholic drinks at a bar in Houston, Texas. Although Coronado was not on duty or in uniform, he was carrying a firearm.

When Coronado exited the bar, he observed a large fight in progress. He attempted to intervene to protect an individual who was being violently assaulted. Taking the evidence in the light most favorable to the Plaintiffs, Omar and Rolando Ventura, who were involved in the fight, were attempting to help the assault victim when Coronado punched Rolando. Rolando Ventura asserts that at that point Coronado had not identified himself as a police officer and that he had his weapon drawn. As Omar and Rolando were leaving, Omar slightly raised his hands. Coronado then shot Omar, killing him. Coronado shot Rolando in the arm after he reacted to the shooting. Coronado's blood alcohol content at the time of the shooting was 0.11%, legally intoxicated.

Following the incident, the City of Houston conducted an investigation into the shooting and found that Coronado's use of force was justified. However, the City also found that Coronado violated several City orders, including General Order 300-28, which prohibits officers from exercising police authority while under the influence of intoxicants; General Order 400-05, which prohibits off-duty police officers from carrying a firearm while under the influence of alcohol; and General Order 200-08, which prohibits conduct that "tends to bring reproach, discredit, or embarrassment to the department." The City suspended Coronado for thirty days.

Rodriguez, individually and as a representative of Omar Ventura's estate, along with several members of Omar Ventura's family, sued the City, and Coronado under 42 U.S.C. § 1983, and sued the bar where the fight occurred under state law. The district court granted the City's motion for

2

No. 15-20476

summary judgment because Plaintiffs could not establish § 1983 liability. The Plaintiffs timely appealed after settling with Coronado and the bar.

## II.

### A.

We review a grant of summary judgment de novo, applying the same standard as the district court. *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 166 (5th Cir. 2010). A district court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When reviewing a grant of summary judgment, we must take the evidence in the light most favorable to the nonmoving party. *Zarnow*, 614 F.3d at 166.

### B.

Plaintiffs argue that the City is liable under § 1983 for depriving Omar Ventura of his constitutional rights. Specifically, Plaintiffs contend that the City enforces official policies that led to the deprivation of Omar Ventura's constitutional rights and that the City ratified Coronado's conduct by failing to adequately punish him. A municipality is only liable under § 1983 for its own acts. *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Municipal liability under § 1983 thus requires "proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). We have defined policymaker as "one who takes the place of the governing body in a designated area of city administration." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc). An official policy is an official policy statement or "[a] persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Id.* Finally, to satisfy the element of moving force, the

3

plaintiff must show a direct causal connection between the policy and the constitutional deprivation and that the municipality adopted the policy with deliberate indifference to the known or obvious fact that such a constitutional deprivation would occur. *Mason v. Lafayette City-Par. Consol. Gov't,* 806 F.3d 268, 280 (5th Cir. 2015).

## C.

Plaintiffs contend that summary judgment for the City is inappropriate because two of the City's policies caused Omar Ventura's constitutional deprivations.  First, Plaintiffs claim the City actively promoted General Order 200-08, which requires off-duty officers "to take prompt and effective police action with respect to violations of laws and emergencies coming to their attention or of which they have knowledge," instead of General Orders 300-28 and 400-05, which prohibit off-duty officers from exercising police authority or carrying a weapon while under the influence of alcohol.  Second, Plaintiffs claim that the department does not enforce General Order 400-05, instead encouraging officers to carry a weapon at all times.

General Order 200-08 is an official policy of the City, however, Plaintiffs have not sufficiently shown a direct connection between this policy and Omar Ventura's alleged constitutional deprivation.  Instead, this policy specifically instructs that "[r]easonableness and sound judgment will dictate the actions of all employees along with the boundaries of authority provided by federal, state and local law, and the policies and procedures of the Houston Police Department."  Following the City's investigation of the incident, the City found that Coronado violated this policy.  Moreover, Plaintiffs incorrectly argue that this policy is in direct conflict with Order 300-28, which prohibits officers from exercising police action while under the influence of intoxication.  Plaintiffs overlook Order 200-08's requirement that officers follow all policies and procedures of the City when acting off-duty.  The record is clear that the City's

policies do not encourage officers to exercise police action while under the influence of alcohol, and as a result, Plaintiffs cannot show that the City adopted Order 200-08 with deliberate indifference to officers exercising police action under the influence of alcohol. *See Mason*, 806 F.3d at 280.

Plaintiffs also contend that despite Order 400-05, which they concede prohibits officers from carrying a firearm while under the influence of alcohol, the City has a custom which encourages officers to carry their guns at all times. However, Plaintiffs have not alleged a policymaker responsible for adopting or knowingly enforcing this custom. Instead, they merely point to Coronado's belief that he could carry his firearm while drinking.[1] Additionally, Plaintiffs have not shown that this custom was so widespread and persistent that it should be attributed to the City. *See Webster,* 735 F.2d at 841. Instead, Plaintiffs simply provide conclusory statements alleging a "city-sanctioned custom" of encouraging officers to carry their firearms. There is no genuine dispute of material fact whether the City's official policies directly caused Omar Ventura's constitutional deprivation.

### D.

Plaintiffs also argue that summary judgment is inappropriate because the City ratified Coronado's conduct by suspending him for only thirty days and by "approv[ing] of its officers exercising police authority while intoxicated." (Appellant's Br. at 25). Our precedent limits municipal liability on a theory of ratification to "extreme factual situations." *Peterson v. City of Fort Worth*, 588 F.3d 838, 848 (5th Cir. 2009). As we explained in *Peterson*, a showing of such extreme situations requires more than a showing that the City failed to adequately punish the offending officer for illegal conduct. *Id.* at 848 & n.2.

---

[1] Executive Assistant Chief Kirk Munden's testimony suggesting that it is sometimes appropriate for an officer to intervene while acting under the influence does not include reference to an officer carrying a firearm while under the influence.

No. 15-20476

Moreover, in this case, the City actually conducted an investigation, found that Coronado violated several municipal orders, and suspended him. In addition, Plaintiffs have not provided evidence suggesting a "culture of recklessness." *See Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998).[2] The evidence is insufficient to establish municipal liability under the theory that the City ratified Coronado's conduct.

## III.

Because Plaintiffs cannot establish municipal liability, we affirm the district court's grant of summary judgment for the City.

---

[2] Plaintiff's presentation of an expert report roughly comparing the City's percentage of sustaining complaints of excessive force to other municipalities does not establish a culture of recklessness.

6